UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
(BRIDGEPORT)

| | |
|---|---|
| IN RE: VICTORIA SCOSTA | |
| Debtor | CHAPTER 7 |
| LAW OFFICES OF ANTHONY A. PIAZZA AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | CASE NO. 10-50202(AHWS) |
| Plaintiffs | |
| V. | ADVERSARY PROCEEDING NO._____ |
| VICTORIA SCOSTA | |
| Defendant | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

This Complaint is brought by the Plaintiffs for a determination that obligations owed to them by the Debtor-Defendant are not dischargeable under Bankruptcy Code (11 U.S.C. § 101, et seq.) section 523, for attorneys fees and costs incurred in this action, and for additional relief.

FIRST COUNT

PARTIES

1.      Plaintiff, Law Offices of Anthony A. Piazza , formerly known as Piazza & Pickel, LLC and also known as The Piazza Law Firm, Law Offices of Anthony A. Piazza, LLC, and

Piazza & Simmons is a sole proprietorship owned by Anthony A. Piazza ("Piazza") with a principal place of business in Stamford, Connecticut and is a creditor of Debtor.

2.  Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), is a Connecticut corporation with a principal place of business at One Tower Square, Hartford, Connecticut and is a creditor of Debtor.

3.  Defendant, Victoria Scosta ("Debtor") is a Connecticut resident who filed a Chapter 7 Petition for Relief on January 29, 2010, Case No. 10-50202, now pending in this Court.

JURISDICTION

4.  This adversary proceeding is within this Court's jurisdiction pursuant to the provisions of 28 U.S.C. §§157 and 1334 and 11 U.S.C.§ 523, and is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

FACTUAL ALLEGATIONS: NONDISCHARGEABILITY OF DEBT UNDER §523(a)(4)

5.  Plaintiffs are creditors of the Debtor and have standing to contest the dischargeability of their claim under 11 U.S.C. 523.

6.  From approximately 1990 until she was terminated in March, 2009, Debtor was employed by Piazza as the office manager/bookkeeper. At the time of her termination, Debtor held that position.

7. In her role as office manager/bookkeeper, the Debtor, among other things, reported the payroll of the Piazza firm to its payroll service, reported information to the taxing authorities, was charged with making tax payments, paid outstanding invoices to vendors, prepared checks for the attorneys of the Piazza firm to sign to pay accounts payable and received payment and reconciled accounts for the firm's accounts receivable.

8. In her role as office manager/bookkeeper, the Debtor was entrusted to make bank deposits in to the firm's various bank accounts, including the general operating account.

9. In the course of dealing with Piazza, Debtor obtained the trust of Piazza and his employees.

10. Some time shortly before the date that Debtor was terminated by Piazza, Piazza discovered that certain payroll tax payments had not been made to the IRS on time and Piazza was facing a fine therefor.

11. When confronted by Piazza with the allegation that the payroll taxes had not been paid, the Debtor admitted that she had previously paid penalties on Piazza's behalf and without Piazza's knowledge because she had not made the payments.

12. Debtor deposited numerous checks drawn on Piazza's accounts payable to a fictitious payee, "BT Summitt," into an account for her own use. Debtor misrepresented to the authorized signators at Piazza's law office that the checks payable to that fictitious entity were to

pay for office supplies and other work-related expenses when in fact the Debtor knew that to be false, as there was no company providing goods or services in that name to Piazza at that time.

13. On information and belief, the Debtor misrepresented the purpose and/or payee on numerous checks drawn from Piazza's accounts to obtain signatures on said checks from authorized signators of Piazza.

14. On several occasions, Debtor herself signed the names of individuals who were authorized to sign checks, including the name of Piazza and others authorized to sign checks, and made such checks payable to herself without authorization.

15. Due to the Debtor paying herself more than which she was entitled, Piazza incurred interest and penalties to the IRS for under-reported payroll taxes.

16. The Debtor made notes in the memo portion of many of the checks she presented for signature in an attempt to mislead Piazza as to the purpose of the payments and to induce Piazza to sign checks and/or authorize payments which were ultimately deposited by and utilized by Debtor.

17. When directly questioned by Piazza as to the circumstances of some of the payments, Debtor misrepresented to Piazza that the bank statements were in storage and that she would obtain them for him. It was not until Piazza obtained these statements directly from the

4

bank on which such checks were drawn that it was discovered that Debtor had been taking funds from Piazza's accounts for some time without authorization.

18. When confronted by Piazza, the Debtor admitted that she had paid herself without authorization and had converted Piazza's funds to her own use and then offered to repay Piazza.

19. Debtor never repaid any of the funds she took from Piazza.

20. Following a thorough investigation by Piazza and its fidelity insurer, Plaintiff Travelers, it was determined that sums in excess of $400,000.00 had been wrongfully taken from Piazza's operating accounts over a period of several years.

21. As the manager/bookkeeper of Piazza, Debtor owed Piazza a fiduciary duty to carry out her assigned responsibilities, to exercise the utmost faith and loyalty, and to perform her duties and act in the best interests of Piazza.

22. Debtor breached the fiduciary duty that she owed to Piazza, in that Debtor on numerous occasions prior to the date she left the employ of Piazza:

    (a)    took funds which were the property of Piazza for her own personal use;

    (b)    failed to carry out her assigned duties;

    (c)    failed to exercise the utmost faith and loyalty to the Piazza;

    (d)    failed to act in the best interests of the Piazza;

    (e)    wasted firm assets;

  (f)  intentionally deceived Piazza;

  (g)  used confidential financial information of Piazza for her own personal gain;

  (h)  provided false information to taxing authorities and false information to Piazza upon which Piazza relied to its detriment.

23.  The debt owed to Piazza by the Debtor represents debt for defalcation by Debtor while acting in a fiduciary capacity as the office manager/bookkeeper and also constitutes embezzlement and/or larceny of Piazza and therefore is not dischargeable pursuant to 11 U.S.C. 523 (a)(4).

SECOND COUNT: NONDISCHARGEABILITY OF DEBT UNDER §523(a)(2)(A)

1-20.  Paragraphs 1 through 20 of the First Count are hereby made Paragraphs 1 through 20 of this Second Count as if fully set forth herein.

21.  Debtor obtained funds from Piazza by false representation and/or fraud and therefore the obligations owed to Piazza by the Debtor are therefore not dischargeable pursuant to 11 USC §523(a)(2)(A).

THIRD COUNT: NONDISCHARGEABILITY OF DEBT UNDER §523(A)(6)

1-22.  Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Third Count as if fully set forth herein.

23. Debtor's actions were willful and malicious and caused significant injury to Piazza's property and therefore the obligations owed to Piazza are not dischargeable pursuant to 11 USC §523(a)(6).

FOURTH COUNT: AS TO PLAINTIFF TRAVELERS

1-23. Paragraphs 1 through 23 of the First Count are hereby made Paragraphs 1 through 23 of this Fourth Count as if fully set forth herein.

24. Paragraph 20 of the Second Count is hereby made Paragraph 23 of this Fourth Count as if fully set forth herein

25. Paragraph 22 of the Third Count is hereby made Paragraph 24 of this Fourth Count as if fully set forth herein.

26. Plaintiff Travelers provided Piazza with insurance policies which provided, among other things, that in the event of employee theft and/or crime, Travelers would pay Piazza pursuant to the policy for losses incurred by Piazza.

27. Piazza provided a Proof of Loss to Travelers detailing the losses sustained by Piazza arising out of the actions of Debtor, indicating a total loss of $472,000.00.

28. Following receipt of said Proof of Loss, Travelers paid Piazza the full amount available under its insurance policies in the total amount of $175,000.00.

7

29. Travelers and Piazza agreed to work together to recover the amounts owed as a result of the actions of Debtor which caused the loss to the Plaintiffs, and insofar as both parties suffered harm, the debt owed Travelers by Debtor by virtue of Travelers right of subrogation as to the amounts paid to Piazza, are nondischargeable under 11 USC §523(a)(4), 11 USC §523(a)(2)(A) and 11 USC §523(a)(6).

WHEREFORE, Plaintiffs respectfully request Judgment that:

1. The debts and obligations of Scosta to Piazza and Travelers are not dischargeable pursuant to 11 USC §523(a)(4), 11 USC 523(a)(2)(A), and 11 USC §523(a)(6).

2. Such other relief that the Court deems just and appropriate.

Dated at Hartford, Connecticut this 29th day of April, 2010.

> PLAINTIFFS, LAW OFFICES OF ANTHONY A.
> PIAZZA AND TRAVELERS CASUALTY AND
> SURETY COMPANY OF AMERICA
>
> By ___/s/ Linda Clifford Hadley___
> Linda Clifford Hadley, Esq. of
> Krasow, Garlick & Hadley, LLC
> One Financial Plaza
> Hartford, CT 06103
> Telephone: (860) 549-7100
> Facsimile: (860) 728-1651
> E-mail: lhadley@krasowgarlick.com
> Federal Bar No. ct06308

001778/00001/lib002/40154.1